UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERESA JACOBSON,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>BNSF LINE RAILROAD,<br><br>　　　　　　　Defendant. | CASE NO. C18-1722JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART UNOPPOSED MOTION FOR A MODIFIED SCHEDULING ORDER |

Before the court is Defendant BNSF Railway Company's ("BNSF") motion for a modified scheduling order. (Mot. (Dkt. # 23).) Plaintiff Teresa Jacobson failed to respond to BNSF's motion. (*See generally* Dkt.; *see also* Reply (Dkt. # 25) (noting Ms. Jacobson's lack of response).) The court has reviewed the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part BNSF's motion as described herein.

Ms. Jacobson filed her lawsuit against BNSF on November 30, 2018. (*See* Compl. (Dkt. # 1).) She alleges that, while Decedent James P. Jacobson was working for BNSF

and SOO Line Railway ("SLR")[1] from 1963 to 2015, he was exposed to "various toxic substances and carcinogens including but not limited to diesel fuel/fumes/exhaust, benzene, creosote, herbicides, and rock/asbestos/sand dust and fibers." (*Id.* ¶¶ 8-9, 12-14.) She alleges that Mr. Jacobson's "exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location and the precise job to which he was assigned," and this exposure occurred in facilities, yards, buildings, and right of ways. (*Id.* ¶¶ 13, 15, 17.) Ms. Jacobson's allegations about Mr. Jacobson's toxic exposures at BNSF are identical to her allegations about his toxic exposures at SLR. (*Id.* ¶¶ 11-24.)

In response to BNSF's interrogatories and requests for production, Ms. Jacobson (1) could not identify a single person with "knowledge relevant to any of plaintiff's claims or any person likely to have discoverable information," (2) could not identify any of Mr. Jacobson's medical providers aside from the providers he saw in the month leading up to his death; (3) admits she has no documents substantiating the allegation that Mr. Jacobson was exposed to various toxic substances and carcinogens while he was employed at BNSF; and (4) admits she has no documents substantiating the allegation that Mr. Jacobson's exposure to toxic substances and carcinogens caused or contributed to Mr. Jacobson's development of kidney cancer or any other condition. (Chait Decl. (Dkt. # 24) ¶ 7, Ex. 5 at 6, 8, 10, 22-24 (attaching answers to Interrogatory Nos. 5, 8, and 10, and Requests for Production Nos. 10-14).)

---

[1] On March 18, 2019, the court dismissed SLR with prejudice pursuant to a stipulated motion. (3/18/19 Order (Dkt. # 17).)

Federal Rule of Civil Procedure 11(b)(3) requires an attorney to certify that the factual contentions within a complaint have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b)(3). BNSF argues that, given Ms. Jacobson's discovery responses and the general allegations in her complaint, there is "a serious question" whether she can establish causation. (Mot. at 6.) Considering the discovery burdens that this case is likely to impose on BNSF (*see id.* at 5), BNSF asks the court for a modified scheduling order requiring Ms. Jacobson to provide evidence for causation presently (*see generally id.*). BNSF argues that there is good cause for such a modification because the complaint and Ms. Jacobson's discovery responses do not even make clear the specific type of cancer from which Mr. Jacobson suffered. (*See id.* at 9-11); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Ms. Jacobson did not respond to BNSF's motion. (*See generally* Dkt.) "[I]f a party fails to file papers in opposition of a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). Here, the court concludes, based on BNSF's filings and Ms. Jacobson's lack of response, that BNSF's motion has merit and there is good cause for a modification of the scheduling order. However, the court does not grant BNSF's motion in its entirety. Instead, as described below, the court GRANTS in part and DENIES in part BNSF's motion (Dkt. # 23).

//

Because BNSF has demonstrated good cause for a modification of the scheduling order, the court hereby ORDERS the following modification: Within 14 days of the filing date of this order, Ms. Jacobson shall identify:

    (1) the specific type of kidney cancer from which Mr. Jacobson suffered or explain why Ms. Jacobson cannot specifically identify the type of cancer;

    (2) the substances that Ms. Jacobson contends caused Mr. Jacobson's kidney cancer;

    (3) an expert witness who can opine that the substances Ms. Jacobson is claiming caused the type of kidney cancer from which Mr. Jacobson suffered can, in fact, cause the specified type of cancer;

    (4) the scientific and medical authorities that support the causal link between Mr. Jacobson's exposures and his kidney cancer.[2]

The court DENIES BNSF's request to stay all further discovery pending Ms. Jacobson's responses to the foregoing items. (*See* Mot. at 11.) Further, the court DENIES BNSF's request for an automatic dismissal of Ms. Jacobson's complaint if she fails to produce the required information within the designated time. (*See id.*) Instead,

//

//

//

---

[2] BNSF asked the court to order Ms. Jacobson to provide the information listed in item numbers 1-4 in an affidavit. (Mot. at 11.) The court declines to require Ms. Jacobson to file such an affidavit. Instead, the court will require Ms. Jacobson to produce the information listed in item numbers 1-4 in the form of a verified discovery response.

BNSF is free to bring a motion it believes is appropriate based on the information Ms. Jacobson produces or fails to produce.

Dated this 11th day of June, 2019.

JAMES L. ROBART
United States District Judge